IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.   Criminal No. 3:08CR186

CLIFFORD NOEL

MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 17, 2014, the Court denied Clifford Noel's 28 U.S.C. § 2255 motion ("§ 2255 Motion"). United States v. Noel, No. 3:08CR186, 2014 WL 7239200, at *11 (E.D. Va. Dec. 17, 2014). On January 9, 2015, the Court received a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 227.)

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). While Noel fails to identify on what ground he seeks relief, the Court construes him to argue that the Court should correct a clear error of law.

In his Rule 59(e) Motion, Noel asks for reconsideration of the Court's denial of his § 2255 motion because "the Court did not fully address his <u>Alleyne [v. United States</u>, 133 S. Ct. 2151 (2013)] claim" because it "did not acknowledge the fact that under § 2255(f)(3) or Relation Back, his intentions were to demonstrate to the Court that Alleyne was applicable to this case . . . ." (Rule 59(e) Mot. 3.) Contrary to Noel's assertions, the Court was fully aware of Noel's intention to argue that <u>Alleyne</u> applied to Noel's sentence. Noel raised his <u>Alleyne</u> claim for the first time in a document entitled "CITATION OF ADDITIONAL AUTHORITY" (ECF No. 201). Despite Noel's failure to file a motion to amend to add the new claim, the Court, nevertheless, considered the claim and explained:

> In Noel's rambling submission, Noel appears to argue that <u>Alleyne</u> requires that a § 851 sentencing enhancement must be submitted to the jury and therefore he should be resentenced. (Citation of Authority 4.) Noel fails to demonstrate that he can mount a meritorious claim based on the decision in <u>Alleyne</u>, because the Court found the § 851 sentence enhancement inapplicable to Noel during sentencing. (<u>See</u> Sept. 25, 2009 Tr. 23.) To the extent Noel also suggests that the district court improperly enhanced his sentence under the guidelines, <u>Alleyne</u> provides him no relief. <u>See</u> <u>United States v. Mason</u>, 547 F. App'x 235, 236 (4th Cir. 2013) (citation omitted) (explaining that <u>Alleyne</u> "did not disturb judicial factfinding at sentencing for facts that do not impact statutory punishment").

Noel, 2014 WL 7239200, at *11. The Court determined that permitting Noel to amend to add the Alleyne claim was futile because it failed to entitle him to any relief. Id.

Noel now claims that the Court failed to address "his claim of the statutory mandatory minimum being changed by judicial fact finding where the Court used testimony to calculate the drug quantity." (Rule 59(e) Mot. 4.) Noel is incorrect in his statement that the Court increased the statutory mandatory minimum sentence he could receive. To the contrary, the Government filed a notice to seek an enhanced sentence under 21 U.S.C. § 851 because Noel had a prior felony drug offense. The enhancement would have increased Noel's statutory mandatory minimum sentence to twenty years to life. (See Sept. 25, 2009 Tr. 23.) The Court found the enhancement inapplicable and sustained Noel's objection. (See Sept. 25, 2009 Tr. 23.) Thus, the statutory mandatory minimum sentence for Count One was ten years and the statute permitted Noel to be sentenced up to life in prison. See 21 U.S.C. § 841(b)(1)(A)(iii); (Sept. 25, 2009 Tr. 30.) The statutory maximum for Count Two was twenty years in prison. 18 U.S.C. § 924(o). Noel's 360-month sentence on Count One and concurrent 240-month sentence on Count Two was a product of the sentencing guidelines, not an increase in the statutory mandatory minimum. As the Court previously explained: "To the extent Noel also suggests that the district court

3

improperly enhanced his sentence under the guidelines, <u>Alleyne</u> provides him no relief. <u>Noel</u>, 2014 WL 7239200, at *11 (citing <u>Mason</u>, 547 F. App'x at 236).

Noel also states that "that the firearm type was not pleaded with the superseding indictment" and "this also violates <u>Alleyne</u> because the Court imposed a 240[-]month sentence under 18 U.S.C. 924(O) instead of 18 U.S.C. § 924(c) which authorizes 5 years." (Rule 59(e) Mot. 6 (emphasis added).) Noel raised this claim for the first time, without seeking leave to amend, in his document entitled "MOTION TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS." (ECF No. 221, at 5-6.) The Superseding Indictment charged Noel with a violation of 18 U.S.C. § 924(o), conspiracy to possess firearms, not with a violation of 18 U.S.C. § 924(c). The Court fails to discern how <u>Alleyne</u> has any applicability to his conviction under § 924(o) that carried a statutory maximum sentence of 240 months, exactly the sentence Noel received.

Noel fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 227) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Noel fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Noel.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 29, 2016

5